UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                              **REPORT AND**
                                                       **RECOMMENDATION**

v.                                                     18-CR-00030(EAW)(JJM)


IVAN HERNANDEZ-HERNANDEZ,

                                    Defendant.
_____

   Defendant Ivan Hernandez-Hernandez, a citizen of Mexico, is charged with

illegally reentering the United States after being deported, in violation of 8 U.S.C. §1326(a).

Indictment [5].[1] During the pendency of this action, defendant was deported to Mexico,

prompting the government's motion pursuant to Fed. R. Crim. P. ("Rule") 48(a) for dismissal of

the Indictment without prejudice [62], and defendant's cross-motion for dismissal with prejudice

[63]. Those motions have been referred to me by District Judge Elizabeth A. Wolford for initial

consideration [7]. Having reviewed the parties' submissions [62, 63], for the following reasons I

recommend that the Indictment be dismissed, without prejudice.


## BACKGROUND

   Following a detention hearing, I ordered defendant released on certain conditions

[8], and there was no appeal from that order. Upon his release from custody, defendant was taken

into custody on a Bureau of Immigration and Customs Enforcement ("ICE") detainer. Based on

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

his continued detention by ICE, defendant moved to dismiss the Indictment [11].  After briefing and argument on that motion, I recommended that it be denied, without prejudice, and the period for filing objections to my April 23, 2018 Report and Recommendation [23] was stayed pending resolution of defendant's other pretrial motions, including his motion to suppress.  April 25, 2018 Text Order [25].

A suppression hearing was held on June 27, 2018 [47].  Before briefing on that motion was complete, I learned that defendant would be removed back to Mexico on August 13, 2018.  Based on his impending deportation, the government moved for reconsideration of bail [55], which I denied [58], and defendant moved to hold the post-suppression hearing briefing schedule in abeyance [56].   At the August 14, 2018 conference to address defendant's motion, counsel informed me that defendant had been deported back to Mexico [60].

While both parties agree that the Indictment should be dismissed pursuant to Rule 48(a), they dispute whether the dismissal should be with or without prejudice.

## ANALYSIS

Defendant is "presumably now in Mexico, where he cannot be prosecuted under a dismissed indictment, whether it's with or without prejudice".  Defendant's Brief [63], p. 4.  Therefore, as long as defendant remains outside of the United States, deciding whether the Indictment should be dismissed with or without prejudice is "purely an academic exercise".  United States v. Alvarado-Velasquez, 2018 WL 3968582, *2, __ F.Supp.3d__ (M.D. Tenn. 2018).  Nevertheless, faced with the parties' competing motions and the possibility of defendant reentering the United States, I will address this issue.

"Dismissal pursuant to Rule 48(a) is generally without prejudice." United States v. Nix,  2017 WL 4641257, *4 (W.D.N.Y. 2017) (Wolford, J.).  Indeed, faced with similar circumstances, I recently recommended that the Indictment be dismissed, without prejudice.  *See* United States v. Smellie, 18-cr-40(EAW)(JJM), May 18, 2018 Report and Recommendation [25], adopted by June 4, 2018 Decision and Order [26]:

> "'Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the prosecutor acted in 'bad faith,' . . . or where dismissal followed by recharge would amount to 'prosecutorial harassment'.  United States v. Doody,  2002 WL 562644, *2 (S.D.N.Y.  2002).  'In determining whether either of these factors are present, there is a presumption of good faith on the part of the prosecutor.' Id.
>
> Defendant argues that the dismissal should be with prejudice because it was 'the Government's decision to proceed with his immigration removal proceedings and to effect his deportation.'  Covert Affirmation [23], ¶18.   "That reason is purely practical.  It does not speak to prosecutorial gamesmanship, nor does it speak to the merits of the . . . charges against [defendant]. As such, the Government is entitled to dismissal without prejudice.'  United States v. Etienne, 2009 WL 1404808, *3 (D.V.I. 2009)."  Smellie, 18-cr-40, [25], p. 2.

In this case, defendant argues that an Indictment may be dismissed with prejudice pursuant to Rule 48(a) even in the absence of prosecutorial bad faith.  Defendant's Brief [63], p. 4, *citing* United States v. Rosenberg, 108  F.Supp.2d 191  (S.D.N.Y. 2000). In determining whether a dismissal should have been with prejudice, the court in Rosenberg considered "the motivations of the prosecutor, the effects of dismissal, including whether the dismissal is with or without prejudice, on the defendant, and the public interest, more generally".  Rosenberg, 108 F. Supp. 2d at 206.  Although the court noted that "a finding of bad faith is not required", it confirmed that it "is a relevant, and sometimes determinative, factor in a court's evaluation of a motion to dismiss an indictment".  Id.

As defendant notes, the Second Circuit has not specifically addressed this issue.[2] However, other courts (including this court) have found that they are "'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless [they] specifically determine[ ] that the government is operating in bad faith in pursuing the motion". United States v. Mujahid, 491 Fed. App'x 859, 860 (9th Cir. 2012); Nix, 2017 WL 4641257, *4 (dismissal with prejudice is warranted "'only where the prosecutor acted in 'bad faith'"); Alvarado-Velasquez, 2018 WL 3968582, *2.

Even if bad faith is not the dispositive factor, Rosenberg makes clear that bad faith is at the very least a relevant inquiry, and here I find none. Nor does defendant offer any other circumstance warranting dismissal with prejudice.   First, defendant argues that the government and the public would "lose nothing by dismissing the charge with prejudice", since if he returns to the United States, the government would still be able to charge him with reentering the United States after having been removed.  Defendant's Brief [63], p. 4.  That may be so, but since it is entirely in defendant's control as to whether he faces re-prosecution on this charge by re-entering the United States, I see little reason why that factor should warrant dismissal with prejudice.

Defendant also argues that the government should be "accountable for its actions in removing [him] from the country in the middle of this case", when he was "eager to stay in the

---

[2]        Although the Second Circuit recently declined to define "the precise contours of a district court's authority in resolving a Rule 48(a) motion", it noted that previously it has "suggested (in dictum) that any authority a court might have to deny a Rule 48(a) motion would be limited to cases in which dismissal is 'clearly contrary to manifest public interest'". United States v. HSBC Bank USA, N.A., 863 F.3d 125, 141 (2d Cir. 2017).  Without setting any precise contours, the Supreme Court has also  explained that "[t]he principal object of the "leave of court" requirement [in Rule 48(a)] is apparently to protect a defendant against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection".  Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977).

United States and fight the illegal - and seemingly raced-based - traffic stop that subjected him to both criminal and immigration proceedings".   Defendant's Brief [63], p. 5.  However, as the government notes, if defendant elects to reenter the United States without authorization and is re-prosecuted for this crime, the case will pick up where it left off.   The government will have gained no advantage in the prosecution of defendant, since he will retain all of his current defenses to the charges, including his suppression arguments, and it may even be disadvantaged by a possible statute of limitations defense. Government's Motion [62], p. 6.  His deportation also fails to establish bad faith.  *See* Etienne, 2009 WL 1404808, *3; Alvarado-Velasquez, 2018 WL 3968582, *2 (although the court was concerned that the government had ignored its release order by deporting the defendant and cautioned that the outcome may be different if the same circumstance arises in the future, it found no bad-faith in dismissing the Indictment without prejudice).

While defendant points to no circumstance at this time - bad faith or otherwise - to establish why dismissal with prejudice is warranted, I recognize that "prosecutorial bad faith and/or prejudice to the defendant, which renders further prosecution unfair or improper may not be discovered until some time after the dismissal". Rosenberg, 108 F.Supp.2d at 208.  Therefore, if defendant is re-prosecuted for the same conduct alleged in this Indictment, I will permit him to "re-raise the issue should future circumstances so warrant".  Alvarado-Velasquez, 2018 WL 3968582, *2.

## CONCLUSION

For the reasons, I recommend that the government's motion [62] to dismiss the Indictment, without prejudice, be granted, and that defendant's motion [63] be denied, without

prejudice to defendant's right to seek that relief if he is re-prosecuted for the same conduct alleged in this Indictment.   Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by September 27, 2018. Any requests for extension of this deadline must be made to Judge Wolford.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated:  September 13, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge